UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 10-190-C**

**RITA WHITE,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**HUMANA INS. CO., ET AL.,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon its own motion. The plaintiff is a citizen of Kentucky. The defendant Roberta Zimmerman is also citizen of Kentucky, eliminating diversity of citizenship for purposes of jurisdiction in a federal court. *See* R. 1; 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). On March 23, 2010, the defendants filed a notice of removal (R. 1) based on what they believe to be the fraudulent joinder of Zimmerman as a party in the plaintiff's case in a state court. However, removal of this case to a federal court was improper because, in regard to Zimmerman, "there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).

"The burden to establish federal jurisdiction in this case is clearly upon the defendants as the removing party[,]" and "[t]he removing party bears the burden of demonstrating fraudulent joinder." *Id.* at 948-49 (citing *Gafford v. General Elec.*

*Co.*, 997 F.2d 150, 155 (6th Cir. 1993) and *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 33[9] (6th Cir. 1989)). "Removal statutes, moreover, are strictly construed." *Id.* at 949. (citing *Wilson v. U.S. Dept. of Agriculture*, 584 F.2d 137, 142 (6th Cir. 1978)).

In Kentucky, it is unlawful to discharge or otherwise discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because the person is a qualified individual with a disability. *See* KY. REV. STAT. ANN. § 344.040 (2010). Further, it is unlawful for two or more persons to conspire to retaliate or discriminate in any manner against an individual because he or she has opposed a practice declared unlawful, made a charge, or filed a complaint under Chapter 344. *See id.* at § 344.280.

In her amended complaint, the plaintiff alleges that she "worked for Humana for approximately eleven (11) years," and "[p]rior to starting work with Humana, White made Humana aware that White had a condition known as Pseudotumor Cerebi." Further, she alleges that "despite the fact that Humana had accommodated other disabled persons, Humana refused to accommodate White." According to her amended complaint, White received written reprimands for attendance violations while she was on medical leave. "Zimmerman supervised White[,]" states her amended complaint, and "[i]n retaliation for White making complaints, Zimmerman increased White's work load, apparently in an attempt to force White to quit." Then, she claims, "[a]fter enduring unbearable pressure for

2

several months[,] White was wrongfully terminated by Humana and Zimmerman on June 5, 2006." The plaintiff alleges failure to accommodate, discriminatory and unlawful discharge, and retaliation by the defendants under Kentucky Revised Statute 344, as well as wrongful discharge and intentional infliction of emotional distress under Kentucky common law. *See* R. 1, Ex. 1, Attach. 8. The record includes the affidavit of Kristen Mull, which provides a factual basis, in part, for the plaintiff's claims:

> My supervisor, Roberta Zimmerman, was also an HIC employee. At all times during my supervision of Ms. White, decisions affecting the terms and conditions of her employment were made by me and Ms. Zimmerman . . . . I and my supervisor [sic] made the decision to terminate her employment without any control from anyone employed by Humana[,] Inc.[.]

R. 1, Ex. 1, Attach. 6.

"Any disputed questions [of] fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party." *Alexander*, 13 F.3d at 949 (quoting *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)) (emphasis deleted). The defendants argue in their notice of removal that the addition of Zimmerman to the suit is not proper because in her amended complaint, the plaintiff did not "assert any facts of what conduct Zimmerman allegedly took that would support a retaliation claim[,]" and that "[d]uring the plaintiff's . . . deposition, she was unable to provide any facts that showed she had even engaged in any protected activity." "Even more important," argue the

3

defendants, "Plaintiff failed to provide facts which, if true, would show that Zimmerman had engaged in unlawful retaliation against Plaintiff." R. 1.

Insofar as they attack the plaintiff's allegations as pleaded, the inquiry upon the defendants' claim of fraudulent joinder is less searching than one triggered by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Hix v. Affiliated Computer Servs.*, 2009 WL 2240548, at *2, U.S. Dist. LEXIS 64991, at *5-6 (E.D. Ky. July 27, 2009) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). "Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Id.* at *2, *6. However, such a motion is not before the court. There are allegations and supporting evidence that form a reasonable basis that the plaintiff may recover against Zimmerman under Kentucky law for the plaintiff's termination. In this respect, the joinder of Zimmerman was not fraudulent. As master of her complaint, the plaintiff has chosen a state law cause of action. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 481 U.S. 1, 12-13, 22 (1983) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)); *see also* 28 U.S.C. § 1331. Unless the defendants provide an alternative, proper basis for removal, *see Alexander*, 13 F.3d at 948-49 (citing *Gafford*, 997 F.2d at 155), jurisdiction does not lie in a federal court. Accordingly,

**IT IS ORDERED** that this case is **REMANDED** to Jefferson Circuit Court and

**STRICKEN** from the court's active docket.

Signed on  April 21, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**